IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL B. BULMER, Inmate #R00047, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  CIVIL NO. 04-922-JPG |
| RICKY D. SUTTON, TERRI S. BRYANT, | ) |
| JULIUS FLAGG, MARK A. PIERSON, | ) |
| and ROGER E. WALKER, JR., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

COUNT 1: Against Defendants Bryant and Sutton for interfering with the exercise of Plaintiff's religion by denying or providing an inadequate kosher diet.

COUNT 2: Against Defendants Bryant, Pierson, Sutton, and Flagg for unconstitutional retaliation.

>    **COUNT 3:**   Against Defendants Flagg, Pierson, and Walker, for denying Plaintiff's grievances regarding the religious diet.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff states that he signed a contract with Defendant Sutton which was to govern the specifics of the kosher diet he received at Menard Correctional Center. Plaintiff states that on August 21, 2002, Defendants Sutton and Bryant comitted to providing a 2800 calorie per day kosher and diabetic diet to Plaintiff. For the two years following the agreement, Plaintiff never received more than 2000 calories per day. For fourteen months, his average daily caloric intake was only 1600 calories and for seven months his average daily caloric intake was below 1200. Besides containing too few calories, Plaintiff's diet was also insufficient in the following ways. The meals were cold, when other inmates received hot meals; the meals were "severely restricted in variety,

without justification;" they contained too few calories according to Plaintiff's medical needs; items served were "altered;" and Plaintiff had to endure anti-semitic insults when he received his kosher meals. As a result of the inadequate meals, Plaintiff had to forego his diabetic medication to avoid hypoglycemia, but still he suffered attacks of hypoglycemia on three or four occasions. Between September 2002 and September 2003, Plaintiff's weight dropped 25 pounds. Plaintiff has also experienced pain and suffering from daily hunger and emotional and spiritual distress.

In addition to the inadequate meals, Plaintiff was also denied a "break fast" meal after days of ritual fasting, and the foods donated to the prison for Plaintiff to eat during Passover were "seized" by Defendants Bryant and Sutton and served to prison staff instead.

The law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999). It is also well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990)(citing cases). Based on these standards and Plaintiff's allegations, the Court is unable to dismiss Plaintiff's First Amendment claims regarding interference with his religious diet. Count 1 may not be dismissed from the action at this point in the litigation.

### COUNT 2

Plaintiff states that after he complained about his inadequate meals, Defendant Bryant filed false charges against him which resulted in the denial of access to the commissary, preventing him from any attempt to supplement the inadequate meals with other foods. On September 3, 2003,

Plaintiff submitted to Defendant Pierson an affidavit in which he alleged that Defendant Sutton had lied about rabbinical approval for his diet. Shortly thereafter, he was charged with insolence and disciplined with placement in segregation for 30 days. On November 24, 2003, Defendant Bryant submitted false meal attendance records to Defendants Sutton and Flagg which resulted in Plaintiff being terminated from the kosher meal program. Plaintiff states that each of these acts were taken in retaliation for his complaints.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* Based on these legal standards and Plaintiff's allegations, Count 2 cannot be dismissed at this point in the litigation.

COUNT 3

Plaintiff states that Defendants Pierson, Flagg, and Walker denied or ignored Plaintiff's grievances about the inadequate meals. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Plaintiff has failed to state a claim of constitutional dimension; Count 3 is **DISMISSED** from the action with

prejudice.

## DISPOSITION

Plaintiff may proceed against Defendants Bryant and Sutton on Count 1 of the complaint, and against Defendants Bryant, Sutton, Pierson, and Flagg on Count 2 of the complaint. Count 3 is dismissed from the action. Because all claims against Defendant Walker have been dismissed from the action, Defendant Walker is also **DISMISSED** as a defendant from the action.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for *Defendants Bryant, Flagg, and Sutton* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.[1]  The Clerk is **DIRECTED** to send Plaintiff **3** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Bryant, Flagg, Pierson, and Sutton*.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Bryant, Flagg, Pierson, and Sutton*  in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of

---

[1] The Court's docket indicates that Plaintiff has already submitted a USM-285 form for Defendant Pierson.

the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for

consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: September 14, 2006**

                                                      s/ J. Phil Gilbert
                                                      **U. S. District Judge**