IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SAMUEL B. BULMER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **04-922-JPG** |
| | ) |
| **RICKY D. SUTTON, et al.,** | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

On January 31, 2007, notice of a hearing set for February 27, 2007, at 9:30 a.m., was mailed to all parties of record. **(Doc. 22).** Defense counsel appeared in Court on February 27, 2007. Plaintiff did not appear as ordered.

A Court Security Officer, having been given a general description of plaintiff, combed the courthouse calling plaintiff's name and checking at both public entrances–all to no avail. After waiting 30 minutes, defense counsel orally moved for dismissal pursuant to Fed.R.Civ.P. 41(b), in light of plaintiff's failure to prosecute his case.

The notice sent to plaintiff was returned, indicating plaintiff was paroled in December 2005. **(Doc. 24).** The Illinois Department of Corrections inmate locator also reflects plaintiff was paroled in December 2005. Obviously, plaintiff failed to comply with the requirement that he keep the Court informed of his current address.

It is plaintiff's responsibility to keep the Court informed of his current address and to attend scheduled hearings or conferences. It has been held that dismissal for want of prosecution may be justified by a plaintiff's failure to appear for a pre-trial hearing. ***Beshear v. Weinzapfel***,

**474 F.2d 127 (7th Cir. 1973).** Rule 41(b) of the Federal Rules of Civil Procedure also provides for dismissal when a party fails to comply with an order of the court. ***Package Mach. Co. V. Hayssen Mfg. Co.*, 266 F.2d 56 (7th Cir. 1959).** In addition, a federal district court possesses the inherent authority to dismiss an action for want of prosecution which it may exercise on its own motion when necessary to maintain the orderly administration of justice. ***Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980).**

In light of plaintiff's failure to appear for the February 27, 2007, hearing, this Court **RECOMMENDS** that defendant's motion to dismiss plaintiff's case be granted, and this action be dismissed with prejudice, for want of prosecution, pursuant to **Fed.R.Civ.P. 41(b)**, and that judgment be entered accordingly.

**SUBMITTED: February 28, 2007**

  s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 19, 2007**.